W. T. BRANCH, *as Assignee etc.*, v. THE AMERICAN NATIONAL BANK *et al.*

No. 8784.

1. ASSIGNMENT — *compensation allowed by court to attorneys and assistants of assignee, not disturbed unless discretion clearly abused.* The compensation of an assignee, or of the attorneys and others who assist him, is to be ascertained and awarded by the District Court, and the allowances therefor, being largely within the discretion of the court, will not be disturbed unless there is a clear abuse of discretion.

2. ———— *security for costs not required of creditors objecting to such allowance.* The refusal of the court to require creditors, objecting to the allowance of the assignee's accounts, to give security for the costs of the hearing upon the objections is not reversible error. *Caldwell v. Matthewson*, ante, p. 258.

3. ———— *evidence held to justify allowances made.* The testimony examined, and *held* to be sufficient to sustain the findings and judgment of the trial court.

*Error from Mitchell District Court.*

*Hon. Cyrus Heren, Judge.*

AFFIRMED.                              OPINION FILED OCTOBER 10, 1896.

*D. M. Thorp, A. W. Hicks, Waters & Waters,* and *V. H. Branch,* for plaintiff in error.

*Caldwell & Ellis, Clark A. Smith,* and *Geo. V. McConahey,* for defendants in error.

JOHNSTON, J.   This proceeding was brought to review the rulings of the District Court in the allowance

made for services of an assignee and two others who assisted in the settlement of an assigned estate. In February, 1891, the Security Investment Company of Cawker City, Kansas, made an assignment for the benefit of creditors, and W. T. Branch was duly appointed assignee. On March 9, 1892, the assignee filed his first annual report and undertook to give an account of his trust up to and including February 8, 1892. When the report came on for hearing, the Court determined that an additional notice should be given in the official paper of the County, and the hearing was continued for that purpose. A number of the creditors appeared and objected to certain items of the report, alleging that some of the claims were extravagant and the expenses unnecessary and wasteful. Upon motion of the creditors the assignee was required to make his report more definite and certain in respect to certain items in the expense account, one of which was for salaries and attorney's fees, $11,560.64. When the claim for salaries and attorneys' fees was itemized, it developed that it was made up in part of the salary of the assignee for one year at $250 per month—$3,000; to V. H. Branch, who was called general assistant, one year at $175 per month—$2,100; and the charge in favor of D. M. Thorp for attorney's fees and expenses was $4,689.02. An extended inquiry was made, and, after much testimony and argument were submitted, the Court found that $200 per month was reasonable compensation for the assignee, and a reduction of $600 from the charge made in his accounts for the year was ordered. It was found that $125 per month was fair compensation for the services of V. H. Branch, and a reduction of $600 in the charges made in the accounts in his behalf was ordered. It was further found that

reasonable and fair compensation for the services performed by D. M. Thorp, attorney on behalf of the estate, for the year, was from $2,000 to $2,500, and that a reasonable allowance, including expenses and hotel bills, was $2,689, making a reduction in the bill of Thorp in the sum of $2,000. An item of $6.25 for proxies was found to have been erroneously charged to the estate, but all other items charged in the accounts of the assignee were approved. As a conclusion of law it was found that the amount charged in the accounts of the assignee should be allowed as reported, less the sum of $3,206.25.

Several objections are made to the rulings and the final decision of the Court. It was the duty of the Court, whether objections were made by the creditors or not, to supervise the management of the estate and to examine the accounts of the trust. The statute requires that the assignee shall annually exhibit upon oath a statement of the accounts of the trust, with proper vouchers, to the District Court. It is the province of the Court to require the giving of such notices of the hearing thereon as the circumstances of the case seem to require. ¶ ¶ 357, 359, Gen. Stat. 1889. The objecting creditors were entitled to be heard, and the assignee has no cause to complain that he was required to give an additional notice of the hearing upon his accounts, nor of the order requiring him to itemize several of the charges in his report.

*1. Compensation of assignee allowed by court not disturbed, unless—.*

An objection is made that the Court refused to require the objecting creditors to give security for costs, but it has recently been held that such refusal is not reversible error. *Caldwell v. Matthewson*, ante, p. 258.

*2. Security for costs by objecting creditors.*

The assignee acts under the direction of the District

Court, and the allowances for salaries and attorneys'
fees are largely within the discretion of the Court.
¶ 387, Gen. Stat. 1889.  The assignee is entitled to
reasonable compensation for the services performed
and the responsibilities assumed, but he cannot be
permitted arbitrarily to fix his own com-
pensation or that of those who assist him.
It is to be ascertained and awarded by the
Court upon the rendering of his accounts ;
and, from an examination of the testimony in the
record, we cannot say that injustice was done in the
allowances that were made.  Aside from the testi-
mony in the case a large part of the services of the
assignee, V. H. Branch, and D. M. Thorp, were per-
formed under the eye of the Court and in the courts
of the counties over which the District Judge pre-
sided.  The Judge was, therefore, much better quali-
fied to weigh the testimony and to determine what is
reasonable compensation than we are, but a mere
reading of the testimony leads us to the conclusion
that fair compensation was awarded.

3. Evidence
justified
allowance
made.

The fact that the Assignee obtained the approval of
the Court of some charges shortly after the assign-
ment was made does not prevent a re-examination of
the accounts for the entire year, nor conclude the
creditors or the Court as to the amount of the allow-
ances to be made.  It appears that the approval of
the Court to these charges was obtained from the
Judge at chambers, without notice to the creditors
and upon *ex parte* hearings.  Such orders can have
little binding force, but in any event they do not de-
prive the Court of the right and power to make an
equitable adjustment and a proper allowance for the
services of the complaining parties for the entire year.
The objections to the testimony are deemed to be im-

material, and none of the errors assigned can be sustained.

The judgment of the District Court will be affirmed.

All the Justices concurring.